384 So.2d 976 (1980)
Jerry KAHN, Appellant,
v.
CAPITAL BANK, a Florida Banking Corporation, Appellee.
No. 79-1959.
District Court of Appeal of Florida, Third District.
June 24, 1980.
Jerry Kahn, Miami, in pro. per.
Greenberg, Traurig, Hoffman, Lipoff, Quentel & Wolff and Sue M. Cobb, Miami, for appellee.
Before SCHWARTZ and DANIEL S. PEARSON, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge.
DANIEL S. PEARSON, Judge.
The issue in this case is whether certain proceeds of a fire insurance policy should have been ordered paid to Kahn or to Capital Bank. The trial court ordered that payment of these proceeds be made to Capital Bank, and Kahn appeals.
The facts are not in dispute. In May 1977, a restaurant corporation known as Las Brisas executed and delivered to Kahn a $20,000 promissory note. To secure this obligation, Las Brisas gave to Kahn a security interest in all restaurant equipment, inventory, fixtures, machines and other tangible property of the debtor, as well as accounts receivable and "any other intangible assets of the debtor now or hereinafter acquired," together with "all proceeds thereof." By the terms of the security agreement, Las Brisas was required to insure the collateral against loss by fire, theft and other hazards. Las Brisas obtained the required insurance and assigned to Kahn "all sums which may become payable under such insurance ... as additional security for the indebtedness."
In September 1977, Kahn entered into an agreement with Capital Bank. In consideration for the bank lending money to Las Brisas, Kahn assigned to Capital Bank "all rights and interest" that Kahn had under the May 1977 Las Brisas-Kahn note, mortgage and security agreement. Kahn did not separately and specifically assign the insurance proceeds to the bank, nor was the bank made a loss-payee under the insurance *977 policy. In February 1978, fire destroyed the Las Brisas Restaurant.
Kahn claims that he, not Capital Bank, is entitled to the insurance proceeds.[1] Kahn's arguments are (1) his assignment to Capital Bank was not effective to assign the insurance policy and proceeds to the bank, since Section 679.104(7), Florida Statutes (1977), by excluding from secured transactions "a transfer of an interest or claim in or under any policy of insurance," prevents the creation of a security interest in insurance; and (2) even if Kahn assigned to the bank his interest, inter alia, in "proceeds" of the mortgaged property, moneys paid on an insurance policy covering collateral are not "proceeds" within the meaning of Section 679.306(1), Florida Statutes (1977). We reject Kahn's arguments and affirm the decision of the trial court.
The exclusion of Section 9-104(g) of the Uniform Commercial Code, enacted by our legislature as Section 679.104(7), Florida Statutes (1977), applies to the creation of a security interest in an insurance policy itself, not to insurance of collateral as exists in the present case. PPG Industries, Inc. v. Hartford Fire Insurance Company, 531 F.2d 58 (2d Cir.1976). See also Paskow v. Calvert Fire Insurance Company, 579 F.2d 949 (5th Cir.1978). Thus, Kahn's assignment to the bank was not excluded under the statute and was effective to assign his interest in "proceeds" to the bank.
Moreover, moneys paid on an insurance policy as a result of the destruction of mortgaged collateral are "proceeds" within the meaning of Section 679.306(1), Florida Statutes (1977).[2]Insurance Management Corporation v. Cable Services of Florida, Inc., 359 So.2d 572 (Fla. 2d DCA 1978); see also Paskow v. Calvert Fire Insurance Company, supra, and PPG Industries, Inc. v. Hartford Fire Insurance Company, supra. Thus, Kahn's assignment to the bank of his interest in "proceeds" was, without any need for a more specific assignment or need to make the bank a loss-payee of the policy, effective to assign the insurance moneys payable due to the destruction of the collateral. Insurance Management Corporation v. Cable Services of Florida, Inc., supra.
Affirmed.
NOTES
[1] The parties agreed with the insurance company that the amount of $17,500 would be paid on account of the fire.
[2] In 1979, the legislature amended Section 679.104(7) and specifically provided an exception to the existing exclusion. That section now reads that the chapter does not apply: "To a transfer of an interest or claim in or under any policy of insurance except as provided with respect to proceeds (S. 679.306) and priorities in proceeds (S. 679.312)." (emphasis supplied). At the same time, Section 679.306(1) was amended by adding: "Insurance payable by reason of loss or damage to the collateral is proceeds ..." Since this case arose before the amendment, the pre-amendment language, as the bank concedes, controls. However, it is the bank's position with which we agree that the adoption of the amendment did no more than codify the existing case law of Insurance Management Corporation, Paskow and PPG Industries. Indeed, as the court in PPG Industries noted, the 1972 amendment to Section 9-306(1), Uniform Commercial Code, adopted in Florida in 1979, was a persuasive indication of the effect which Section 9-306 was originally intended to have. PPG Industries, Inc. v. Hartford Fire Insurance Company, supra, at 61.